Morning, Your Honors. John Kaufman appealing for Mr. Lopez. I thank the Court for allowing us to come to the San Francisco and plead our case orally before the Ninth Circuit. I also want to apologize for the crap quality of the, at least my briefs, and thank again the Court for elucidating me more by the cases that you asked me to take a look at and review. Let me start my argument by saying that I don't believe that VON stands for the proposition that plain error applies to all violations of Rule 11, particularly in this case, because in this case there is no transcript in which to determine plain error. There is no plea agreement which to go back and look and see if there was error or plain error. So this case is actually remarkably different from the case that the Supreme Court had when it decided VON. VON was an extremely technical error. Did the plea – did the judge during the plea agreement ask if, in fact, they had consulted with the government over the plea agreement? And then they applied plain error to that. One part of VON does still exist that I think pertains to this case, and that's, of course, the court looks to the totality of the record. And in this case, there is no record to look at. Let's say you got to go back for an evidentiary hearing. What would that be and what's the prejudice? That's a very slippery slope to go down to, and that's what I bring up to the Court. We're going to go back to this hearing. Who's going to testify? You're going to have the prosecuting attorney testifying. Well, there's an ethics rule in Arizona that says that if you're in a case and you represent a party, you can't testify because your position as an advocate then becomes confused with whether or not you become vouching, personally vouching for the case. The defense attorney can't testify because there are ethical rules prohibiting him to testify. You're going to put the magistrate who took the plea on the court to testify? It is what you're really arguing is for a per se rule. No transcript. We must grant relief and reverse and allow the withdrawal of the plea. Is that right? In this case, because there is no plea to go back to. If it's a per se, your argument, a per se, there is no transcript, we win. Is that right? As it applies to this case where you cannot show from the record. Has any circuit court or the United States Supreme Court ever said that? Is that a – is this a case of first impression on that score? On the particular score of no plea agreement, no record, yes. All right. And you started your argument by talking about plain error. The government didn't argue plain error. Haven't they waived it? Aren't we talking about harmless error here? Well, I don't think so. In fairness to the government, they keep on saying that I got the burden of proof. And that's plain error to me. Doesn't it depend on whether we're talking about plain error, which you have the burden, or harmless error where the government has the burden? Absolutely. It makes a difference, doesn't it? It makes a big difference. Right. So which is it here? Which is it here? How can I show plain error? If you look at your cases that say plain error, you look at plain error as where do you find plain error? You find plain error in the record. There is no record here to find plain error. And that's the problem of the government's position. There's nothing here to show plain error. And that's why this case is different. Well, I need to go. I just need help figuring out what your claim is, because I see two potential claims. And let me just make sure I understand even the foundational predicate for the claim. It's that I was told that if I pleaded straight up, I would get a better sentence than if I pleaded pursuant to a plea agreement. Is that right? That's the voluntariness portion, the substantive issue. I don't even understand what that means. Is that the claim or no? The procedural error is that there's no record. No, no. Just help me with the claim, okay? Is it that the reason my plea was not voluntary is because I went in with the understanding that if I pleaded straight up, I would get a better sentence than if I pleaded pursuant to a plea agreement. Is that the basis for the claim? The voluntariness, the substantive issue, yes. Okay. Is there some other substantive claim that you've got besides that one? No. Okay. So just hold on. So is the claim predicated on my defense lawyer rendered ineffective assistance by telling me that before I went in, or is it that the judge failed pursuant to the Rule 11 colloquy in not telling me that the judge was not going to be bound by any promises the defense lawyer made? Which of those two is it? It would be the latter. Okay. Simply because that's what the record is for. Okay. The record is for let's take. Okay. When we're reviewing this, let's take a look at what happened. Got it. So you're – it has nothing to do with the advice your client got from his prior defense lawyer? That's correct. Well, part and part. I can't say nothing to do that. That would be a threshold, and then the judge doesn't bring it out. But if it has something to do with what advice your client got from his former defense lawyer, that's an IAC claim that you're not going to be able to pursue on direct appeal. You agree with that, right? No, I don't agree with that. Okay. Because one thing that Vaughan tells us that is still the law is that when you look at these cases, especially in a plea setting, that you can look at the totality of circumstances. And I think all the cases say that. Okay. Let me say it. Let me assume I agree with that. How in the world would the existence or nonexistence of the transcript have anything – have any impact on this portion of your claim that's predicated on advice that the client got from defense counsel before even going into the plea colloquy? Because we believe that that would have showed up in the plea colloquy between the judge, defense counsel, the client, when he discussed voluntariness and when he discussed what promises had been made. But that really goes to what happened in the courtroom. Correct. I mean, it might have been that there had been discussions before. Correct. As I understand your claim, it's there's no record of what went on in the courtroom. You have an allegation that there was this verbal tussle, so to speak, about some concern, and there's no record of that. Well, there's a little bit of a record. And that little bit of the record shows? Shows that defense counsel and client were not getting along, because at the sentencing there is a long discussion or a short discussion about whether he's still happy, does he want to withdraw his motion. I mean, there's a spattering of a record that there is some dispute there. Was the defendant told before he entered a plea that the government had offered 18 months less than what he got? Calls for a yes or a no. I do not know that. And the record is not doesn't show us one way or another? Is that what you're telling me? Because there is no plea. Well, that doesn't mean that we don't have a when. So we don't know whether or not he was told that. Is that what you're telling me? That's correct, according to the record. I can tell you off the record that. We have to stick with either the non-record, which you can't talk about, or what's on the record, which is small. Well, doesn't the plea agreement have to be recorded? Under Rule 11, doesn't Rule 11, isn't the basic premise that you have to have a transcript of the plea colloquy so we know whether his substantially rights were or were not violated? Absolutely. Well, then, why do you seemingly concede that that's not a problem and you're really talking about what? I thought I heard you kind of concede that that wasn't the problem here. Maybe I got a little bit confused. What I'm talking about is there is no plea agreement, but the plea colloquy is supposed to go over those particular areas. Right. So is your basic complaint that there is no record of the entry of the plea in this case? No record except the magistrate's findings, which is not a record that is required by the rule. I should say, let me step back. You know, you're making this complicated. Are you saying there's no? Because it is complicated. It's not complicated. It's a very simple thing. Are you saying that there's no recording of the proceedings under 11g? That's correct. Absolutely. With respect to the entry of the plea? Yes. Okay. That's pretty easy. Okay. We have Rule 11. We have Rule 11g. The proceedings during which the defendant enters a plea must be recorded by a court reporter or a suitable recording device. Correct. Did that happen? No, that did not happen. So the only question is what do you do with that? And whether there was harmless error. Well, then that's the sort of what do you do with it. We know that there's no recording under the rule. There is no way to find harmless error if there is no record. But who's got the burden for harmless error? The government has the burden. How is the government going to satisfy that harmless error standard? He's not going to be able to satisfy it without some record to look at. In all these cases that uphold it, there's some sort of a record. There's a plea agreement. There's some kind of plea colloquially that is recorded. But not in this case. In this case, the parties tried to go under, I think it's a court request. It's reconstruct. Right. Yes, sir. And you were unsuccessful because the parties couldn't agree. If we remanded it, wouldn't the court below ever resolve that with no record? It's not going to be able to. Well, they would have this ugly evidentiary hearing in which defense counsel, prosecutor, and magistrate, the only and my client, Mr. Lopez, appear before the court, and that creates a mess. And that's why I say the remedy is not to send it back, but the remedy is a per se rule in this particular case where there is no plea, no plea agreement, and there is no record. Wait a minute. The per se rule is what, just basically to go back for a reentry? If there is no record to show harmless error or plain error. And why do you call it a per se rule? Because what you're saying is in this case, it's not a per se rule. You're saying in this case. I brought up the per se rule. I know, but you're don't buy into everything that's brought into the question. It's your case, not ours. You're saying, I'm just trying to understand what you're saying. What do you want from us? If you could get, if you were successful, what do you ask in this Court to do? To vacate the plea and send it back. If not, the second choice is vacate, send it back for an evidential hearing, which I'm telling the Court will be extremely messy. Okay. Why don't we hear from the government at this point? Let me reserve my three minutes. Thank you, Your Honor. Good morning. May it please the Court. Matthew Alteringham on behalf of the United States. Your Honors, I might be able to make this a little bit more clear after sitting and listening to this Court's position. The government's position is actually pretty straightforward, that there is a record. It may be sparse. It may be thin. But there is a record in which this Court can rely upon to deny the defendant's or the appellant's request in this case. The government's relying specifically that there, even though Rule 11g was not complied with, it was an inadvertent, accidental situation. So there is no verbatim recording. We have to concede that it does not exist. So then don't you get the harmless error? Isn't that your only relief from that error? For that particular error, yes, it is. And in the harmless error, you were able to show that substantial rights were not affected, is that right? That's correct. How are you going to do that without a record? Well, Your Honor, there actually is part of a record. And I'm going to direct the Court to SCR pages 2 and 3, which is a magistrate judge's finding upon recommendation – I'm sorry, findings and recommendation upon a plea of guilty. That's the magistrate sitting there after, I believe in this case, after conducting the plea colloquy, after going through all of the questions of rights, questions and understandings by the defendant and the defendant giving up those rights and understanding his rights, the magistrate court finds in paragraph number 3 that the defendant understood various rights that he was giving up, one of which is that the court may depart from those guidelines under certain circumstances. Now, the government's position is that the magistrate court is informing the defendant at the time of the change of plea hearing that the district court may depart regarding sentencing. Now, that's not the best language I can give the Court that. Here's the difficulty I have with that. With all respect to the magistrate, you know, the magistrate is doing this not in connection with the problem that we have, necessarily. And so from the defendant's point of view, and he may be right, he may be wrong, and we don't know. The fact is we just don't know what went on there. And the magistrate's findings in this page 2 and 3 don't reflect at least what's been alleged here about this in-court tension and problem. I mean, there's a sort of what I would call conclusory findings, which are not unusual. Again, no discrediting of what the magistrate judge did. So my real question is why, you know, what's the harm? Because this isn't going to happen very often. What's the harm just to send it back? You know. I'm sorry. Go ahead. I'm sorry. Okay. The harm to send this back, there's and I know it's a difficult burden for the government to show prejudice, which is one of the things we need to show in order to have this sustained on appeal. There's very – it's going to be difficult for me to stand here and actually tell this Court it's going to be prejudicial to send this back. I do agree with defense that if it is sent back, that we have two options. Either we vacate the plea. I think that that is a very – that's a very severe sanction for a situation that can be remedied here. I do not agree that sending it – I mean, and the alternative is if we send it back, we have an evidentiary hearing. I agree with defense. That's going to get incredibly messy. And I do not believe that that is a proper remedy. If this Court is to return it to the district, back to the district court, I really believe that we're set back with a pure vacation of the plea. And, again, I think that that is a very severe consequence. Sotomayor, it's not really a consequence. It's not really a sanction against you or a sanction. It's really a consequence of the record being what it is. I mean, we're talking about one case. It's very unusual that 11g doesn't come to pass. I mean, really, how many – there are not many cases. I agree with the Court. This is – I mean, I can think of the case I took to the Supreme Court, Antoine. He didn't get a – he didn't have his trial record, right? There's only one in a million of those cases. Well, look, I thought your best argument – but tell me if I'm off base. I thought your best argument would be to say it doesn't matter that we don't have a record here because the specific Rule 11 colloquy defect that he's complaining about is not something that he had a right to be advised of anyway. Because if what he's saying is that the judge was supposed to tell me that whatever advice I got from my lawyer about sentence was not going to be binding on the Court, I don't read our cases as saying that a defendant is entitled to that advisement during a Rule 11 colloquy. So why wouldn't your argument just be, this is absolutely harmless as a matter of law because the thing he says he wasn't told about, he didn't have a right to be told about anyway? And I agree with the Court. I was actually going to make my way down there. I was trying to just say – Well, let me hear it, because I'm not sure that either of my colleagues is persuaded of that, and I'm not sure I'm persuaded of that. I'm not sure that's what his argument is. Well, that's your best – okay. Well, let me hear your response on that point. And frankly, you're correct. Regardless of where the defense is starting, this is a harmless error. And the government agrees that it should be a harmless error. And the reason that it's harmless is we're looking at a situation where Rule 11 was complied with except for the verbatim recordings. And the case – Well, how do we know that? I'm looking at the government's proposed amendments to the statement of proceedings. And all it says is that he was placed under oath. He stated he wasn't under the influence of any drugs. He admitted he voluntarily was pleading and he was guilty, and he's a citizen of a different country. There's nothing in there about that he was told that he has a right to present witnesses, that he has a right to remain silent. His right to – all of the rights that we have to go through when we take a plea. And if we don't do any one of those, my colleagues or others are going to reverse me in a heartbeat because I didn't comply with the requirements of Rule 11. Now, how do we know that all of these specific requirements were complied with? And again, I'm going to point back to SCR pages 2 and 3. On page 2, there's a specific finding by the magistrate court in paragraph 2 that says the defendant understands his-slash-her right to trial. Now, I know that doesn't address all of this Court's concerns. That's correct. But how about the voluntariness question? And I don't – leaving aside that if this is a backhanded way to get an IAC claim, we would disregard that, of course. But to the extent that the defendant is not sure, is unsure about the basis for the plea because he understands something else or he has a question and supposedly that was posed there, we can't see any of that in this reconstructed record, can we? Actually, you can, Your Honor. And I'm going to point the court to SCR page 9. Okay. And that is where the district court was having a colloquy with the defendant and the defense attorney, specifically with the defendant where it's lines 14 through 16 on page 9, which incorporates to page 6 of the transcript. And the court asked the defendant, do you believe as we sit here today that your attorney is representing your best interests in his efforts to handle the case on your behalf? Well, that's part of it. And that goes to the IAC claim. I agree. But that doesn't tell me anything about whether he understands why he's pleading guilty and what the parameters of his pleading guilty are. I mean, the problem is, and not one of your making, is that it's sort of like it gets all around the edges, but it doesn't quite get to the nut of the deal. And as I understand you, and I appreciate your candor, there's no prejudice to the government with the vacation and reentry. I understand you want to preserve where you are. But if there's no prejudice to you and if the rule itself requires, you know, that the error, you know, it has to be harmless error that doesn't affect substantial rights, I'm just kind of hard-pressed to figure out why we shouldn't just send it back. And maybe I'm waiting to hear a good reason from you. And the best reason that I can give this Court to uphold the change of plea and to leave us where we are is going to be found in the transcript, in the sentencing transcript, actually. I know part of it points to, and I point the Court part of it to page 17 of the transcript, where defense counsel admits that he received a plea agreement that was 18 months less than what the guideline ranges were. Did the defendant, is it clear the defendant was told before he pled that the government had offered 18 months less than the bottom of the guideline? I don't think, I cannot point the Court to any specific finding by the defendant. Without that, without that, how is it that the defendant's decision to plead could be voluntary? He didn't know that he's pleading to something straight up, no written plea agreement, and his lawyer's been told that the government recommends 18 months less than the 51 months he got. How could that plea ever be voluntary? And if you don't deal with it now, you're going to have a 2255 down the line that's going to be, you're not even going to get oral argument on. He's going to win, isn't he? I mean, why don't you cure the problem now? Why don't we vacate the plea and let him decide whether he wants to go to trial or plead again? Because I think they're two different issues, and I think that was part of the confusion earlier is that there may be a 2255 motion, and I believe the defense did file a 2255 motion. The government's position is that it would be more properly handled as an ineffective assistance claim if there is to be one, that it should be handled in district court under 2255, not in this Court, and if there is no substantial infringement on the defendant's rights based on the record, the minimal record that we have, that there is sufficient evidence in this minimal record to support the knowingness and voluntariness of the defendant's inquiry. Kagan. But if we disagreed with you on that, because that really, I think, well, let me first say, I think you accurately point out you need to separate the two, the 2255 and the lawyer problem from the Rule 11 problem. But if we were to determine that the rather skinny record isn't really sufficient to make the determination, and given the Rule 11 violation, that really is separate from whether or not he might still have a 2255, correct? That's correct. Okay. Okay. If there are no questions, I would just submit on the briefs.  Thank you very much. Thank you, Your Honor. Let me just initially quickly discuss Judge Wofford's concerns here. We're not making an ineffective assistance of counsel here. What we're claiming is that the Court has a duty in Rule 11 to determine the voluntariness. Part of that duty is he must inquire whether promises have been made that are not contained in the record or that the defendant relies upon. That's not available to this Court. My client says promises were made. My client says that there was a discussion about that. So, you know, when you say that it goes to the heart of the voluntariness issue, and one other real quick point is this circuit in one of the cases cited to me, Jimenez-Dominguez, and of course the seminal case of McCartney, says the way to avoid all of this, the best essential way to take a look at this is from the record itself of the plea. That goes to the fairness, integrity, and reputation of the court. But my problem with your argument is that there is a mechanism for fixing this that you didn't follow, and that's to go and have the district court settle the whatever dispute there is between your version of what happened at the colloquy and the government's. There actually isn't any conflict between the two in my view. But I'm looking at what you submitted. I guess this is what you submitted to the district court. And even if I accept as true everything that you've got in here, right, it doesn't establish that there was any defect in the Rule 11 colloquy. That's the only way you could show prejudice from not having the actual transcript, is if you said, according to my client's version of events, this is what happened, and the government somehow disputed that. So that we never, without the transcript, we're never going to know, right? But even if I grant you everything that your client says occurred here, there's no doubt that the judge advised him. So I don't think, I think you might have, your client might have a 2255 claim for ineffective assistance, but he doesn't have a Rule 11 claim. It's not the advice. It's the court's determination whether promises have been made that influenced his decision. And the judge is required to make that finding through the colloquially and on the record itself. Then your version of what happened should say the magistrate judge failed to inquire of my client whether any promises were made. But that's not what you say here. Do you see what I'm saying? We don't need the, the fact that we don't have the transcript doesn't, has no effect on anything, according to your version of what the claim is. I understand your position, but, you know, we, all of us, including me, because I wasn't there, have to look back on it. And when we try to reconstruct, we try to reconstruct. My time is over. Unless there are any questions, let me thank the panel. And again, I told this to Judge McAllen the last time I was here. This time just flies by and defies the, the laws of physics. All right. The case of the United States v. Lopez is submitted. Thank both counsel for your argument. Thanks for coming from Tucson this morning. Our next case for argument. It's 98 degrees in Tucson. It's 60 degrees in San Francisco. That's true. Enjoy the day.
judges: Zilly, McKeown, Watford